IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

Case No.: 23-315

| | |
|---|---|
| JUDSON COLLEGE; JOAN VIGNES NEWMAN; JUDITH KAREN FAVOR; DAPHNE RUDICELL ROBINSON; and JOSEPH WILLIAM "BILL" MATHEWS, JR., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| INDIAN HARBOR INSURANCE CO., KEN GOFORTH; and USI INSURANCE SERVICES, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE OF REMOVAL

NOW INTO COURT, comes Defendant, Indian Harbor Insurance Company (hereinafter, "Indian Harbor"), which pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 and with a full reservation of rights, hereby removes the lawsuit styled *Judson College; Joan Vignes Newman; Judith Karen Favor; Daphne Rudicell Robinson; and Joseph William "Bill" Mathews, Jr., v. Indian Harbor Insurance Co.; Ken Goforth; and USI Insurance Services,* Case No. 53-CV-2023-900035.00, on the docket of the Circuit Court for the County of Perry, State of Alabama, to the United States District Court for the Southern District of Alabama. Indian Harbor respectfully submits that the grounds for its removal of this action are as follows:

1. On July 17, 2023, Judson College, Joan Vignes Newman, Judith Karen Favor, Daphne Rudicell Robinson, and Joseph William "Bill" Mathews, Jr. (collectively, "Plaintiffs")

initiated this lawsuit by filing a Complaint in the Circuit Court for the County of Perry, State of Alabama (the "State Court Action").

2. In the State Court Action, Plaintiffs seek to enforce Policy No. ELL0951876-03 (the "Policy"), an educators' legal liability and employment practices liability insurance policy issued by Indian Harbor to Judson College, and seek to recover under the Policy for Indian Harbor's denial of a defense and indemnification in the lawsuit against certain members of Judson College's board of trustees, styled *Frank C. Mann v. Charles F. Dunkin et al.*, Civil Action No. 01-CV-2022-902060, filed in the Circuit Court of Jefferson County, State of Alabama (the "Underlying Lawsuit"). Plaintiffs, except for Judson College, are individuals who were named as defendants in the Underlying Lawsuit. Plaintiffs also allege in the Complaint that Ken Goforth ("Goforth") and USI Insurance Services, who served as Judson College's insurance agents, negligently failed to procure adequate insurance for Plaintiffs.

3. On July 24, 2023, Indian Harbor was served with a summons and a copy of Plaintiffs' Complaint in the State Court Action. (*See* **Exhibit "A"** attached hereto and incorporated by reference.)

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Indian Harbor in the State Court Action are attached hereto as Exhibit A .

## Citizenship of the Parties

5. Plaintiff Judson College is now, was at the time the Complaint was filed, and was at all times intervening, an Alabama corporation having its principal place of business in Marion, Alabama. Judson College therefore is and was at all such times a citizen of Alabama.

6. Plaintiffs Judith Karen Favor, Joan Vignes Newman, Daphne Rudicell Robinson, and Joseph William "Bill" Matthew, Jr. are now, were at the time the Complaint was filed, and were at all times intervening, citizens of Alabama.

7. Defendant Indian Harbor is now, was at the time the Complaint was filed, and was at all times intervening, a Delaware corporation having its principal place of business in Connecticut. Indian Harbor therefore is now and was at all such times a citizen of Delaware and Connecticut.

8. Defendant Goforth is now, was at the time the Complaint was filed, and was at all times intervening, a citizen of Alabama.

9. Plaintiff's Complaint misstates that Defendant USI Insurance Services is an Alabama corporation. It is not. Defendant USI Insurance Services is now, was at the time the Complaint was filed, and was at all times intervening, a limited liability company—USI Insurance Services, LLC – whose sole member is now, was at the time the Complaint was filed, and was at all times intervening, USI, Inc. USI, Inc. is now, was at the time the Complaint was filed, and was at all times intervening, a Delaware corporation having its principal place of business in New York. Defendant USI Insurance Services, LLC ("USI") therefore is now and was at all such times a citizen of Delaware and New York.

## Basis for Diversity Jurisdiction

10. Complete diversity exists between Plaintiffs (citizens of Alabama) and Indian Harbor and USI (citizens of states other than Alabama). As the Complaint stands, complete diversity does not exist between Plaintiffs and Defendant Goforth, all of whom are citizens of Alabama.

PD.42800780.7

11. Nevertheless, diversity jurisdiction exists because Goforth was fraudulently joined, and therefore his citizenship should be disregarded.[1]

12. The Eleventh Circuit recognizes three forms of fraudulent joinder. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993)).  Relevant here, a defendant is fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*

13. Here, Plaintiffs bring two claims in the State Court Action against Goforth: (1) breach of contract and (2) negligent procurement.  Plaintiffs cannot prove either cause of action against Goforth, as discussed below.

A. **Plaintiffs cannot prove a cause of action against Goforth for breach of contract.**

14. There is no possibility that Plaintiffs can prove their cause of action for breach of contract against Goforth, because (1) Goforth was not a party to the Policy, (2) any alleged contract to procure insurance Judson College had was with USI, not Goforth, and (3) the merger doctrine precludes a claim for breach of contract to procure in light of Judson College's acceptance of the Policy.

15. To the extent Plaintiffs allege a breach of the ***Policy*** by Goforth, an insurance broker or agent who is not a party to the insurance contract cannot be held liable for breach of that contract.  *See Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 343 (Ala. 1993) (citation omitted) ("Even if considered a broker or an agent, [defendant] was not a party to the

---

[1] Although the same argument applies to USI and Goforth, because USI is diverse from Plaintiffs, complete diversity does not depend upon establishing that USI was fraudulently joined.

- 4 -

insurance contracts and, therefore, could not be liable for breach of those contracts." (citation omitted)); *Butler v. Allstate Indem. Co., Inc.*, No. 3:09-CV-838-WKW [WO], 2010 WL 381164, at *3 (M.D. Ala. Jan. 25, 2010) (holding there was "no possibility" that the plaintiff could prove breach of contract and bad faith claims against an insurance agent who was not a party to the insurance contract).

16. To the extent Plaintiffs intend to allege a breach of some separate, unspecified contract between Plaintiffs and Goforth to procure insurance, Plaintiffs likewise have no possibility of prevailing.

17. First, there is no allegation that Goforth himself entered into a contract with Judson College (or any of the individual Plaintiffs). Under Alabama law, "[a]n agent acting with actual or apparent authority who enters a contract on behalf of a principal binds the principal but not himself." *Lee v. YES of Russellville, Inc.*, 784 So. 2d 1022, 1027 (Ala. 2000). In *Montgomery Rubber & Gasket Co. v. Belmont Mach. Co.*, 308 F. Supp. 2d 1293 (M.D. Ala. Feb. 17, 2004), the court stated:

> [A]n agent, acting within his or her authority, who enters a contract on behalf of a disclosed principal, binds only the principal, and not himself or herself.... Even if Woody was Belmont Machinery's agent, Montgomery Rubber does not contend that Woody was acting outside of his authority, nor does Montgomery Rubber contend that Woody's alleged status as an agent for Belmont Machinery was undisclosed. Therefore, Woody cannot be held liable for the contract made for the benefit of Belmont Machinery[.]

*Id.* at 1301 (citing *Lee*, 784 So. 2d at 1027). Likewise, in the Complaint in this case, there is no allegation that Goforth was acting outside his authority with USI, or that Goforth's status as an agent for USI was undisclosed. To the contrary, the Complaint alleges that "Goforth, acting in his capacity as an insurance agent and vice president of USI Insurance Services, procured this

policy of insurance with Indian Harbor[.]" (Ex. A, Compl. ¶ 22.)  Accordingly, Goforth is not bound by any alleged contract to procure insurance between Judson College and USI, and there is no valid breach of contract claim against Goforth.

18. Second, the merger doctrine precludes a breach of contract claim.  The Northern District of Alabama recently addressed this same scenario, in which an insured sued its insurer and non-diverse insurance agent, asserting claims for both breach of contract and negligent procurement against the agent.  *Brown v. State Farm Fire & Cas. Co.*, No. 1:16-CV-1390-VEH, 2017 WL 492992 (N.D. Ala. May 21, 2019).  The *Brown* Court applied the merger doctrine to hold that the insured had no plausible claim against the agent for breach of contract to procure once it accepted the insurance policy.  *Id.* at *8 ("Under Alabama law, it is the rule that if the policy is accepted by the insured, he is bound thereby even though the policy does not correspond to the preliminary negotiations.  The oral negotiations are merged into the accepted policy." (cleaned up));  *see also Langley v. Mut. Fire, Marine & Inland Ins. Co.*, 512 So. 2d 752, 766 (Ala. 1987) (holding that merger doctrine precluded insured's breach of contract claim against insurance agent), *overruled on other grounds by Hickox v. Stover*, 551 So. 2d 259 (Ala. 1989).  Here, likewise, "by alleging breach of contract and other contract-based claims against [Indian Harbor], [Plaintiffs] concede that insurance was in fact procured." *Brown*, 2017 WL 492992, at *8.  As a result, as in *Brown*, Plaintiffs have no separate breach of contract action against Goforth, the only non-diverse defendant.

19. Thus, Plaintiffs have failed to plead a prima facie case of breach of contract under Alabama law, supporting a finding of fraudulent joinder.

**B.      Plaintiffs cannot prove a cause of action against Goforth for negligent procurement.**

20.     There is likewise no possibility that Plaintiffs can prove their cause of action for negligent procurement against Goforth.  Under Alabama law, a claim for negligent procurement requires (1) a request from the insured to its agent for a specific type of insurance, and (2) failure by the agent to obtain the requested type of insurance.  *Somnus Mattress Corp. v. Hilson*, 280 So.3d 373, 383 (Ala. 2018) (citing *Alfa Life Ins. Corp. v. Colza*, 159 So.3d 1240, 1248 (Ala. 2014)).  Here, Plaintiffs have not alleged that Judson College requested a particular type of insurance which Goforth failed to obtain.  Instead, they vaguely allege that the insurance which Goforth obtained for Judson College was not "proper and adequate…for claims that should have been foreseeable against Plaintiffs."  (Ex. A, Compl. ¶ 47.)

21.     Indeed, the main crux of the Underlying Lawsuit is that Plaintiffs fraudulently misled potential investors and ultimately defaulted on its debts to its bondholders.  (*See, e.g.*, Ex. A, Compl., Ex. A, Underlying Compl. ¶ 52 ("The Defendants, acting in concert and conspiracy, committed common law fraud and statutory fraud [] against Plaintiff and other Bondholders."); *id.* ¶ 61 (citing underlying plaintiff's damages under Deceit cause of action as "the amount he paid for the Bonds, as well as any accrued and unpaid interest….").)  Plaintiffs cannot plausibly suggest that they made a request to Goforth for a "specific type of insurance" that would cover Judson College's securities fraud and/or failure to pay its debts.

22.     Additionally, Alabama courts have held that an insured has a duty to read its own policy, and its failure to do so constitutes contributory negligence that bars a negligent procurement case against his agent as a matter of law.  *See Alfa*, 159 So. 3d at 1255 ("In light of our caselaw emphasizing the strict duty of a party to read the documents he or she is provided in connection with a transaction…we accordingly align ourselves with those courts [] that authorize

judgment as a matter of law in favor of an agent on a negligent-procurement claim when documents available to the insured clearly indicate that the insurance in fact procured for the insured is not what the insured subsequently claims he or she requested the agent to procure[.]"). Pursuant to this principle, Alabama federal courts have held that retail brokers are fraudulently joined parties that do not defeat diversity jurisdiction. *See Brawley v. Northwestern Mut. Life Ins. Co.*, 288 F. Supp. 3d 1277, 1296 (N.D. Ala. 2017) ("[The insured] has no possible negligent procurement claim under the [] Policies in light of his own negligent failure to read them…. Consequently, Northwestern has satisfied the fraudulent joinder standard as to [the insured's] remaining negligence claims against [the non-diverse insurance agents]."); *Brown*, 2017 WL 492992, at *6 (holding that non-diverse insurance agent was fraudulently joined because the insured's negligent procurement claims were barred by the doctrine of contributory negligence).

23. "Under Alabama law, insureds have a duty to read their insurance policies." *Jones v. State Farm Fire & Cas. Co.*, No. 2:05-cv-1119-WKW, 2007 WL 3205784, at *5 (M.D. Ala. Oct. 31, 2007). Plaintiffs had the Indian Harbor Policy, as evidenced by the fact that they attached it as an exhibit to their Complaint. They could have read the Policy and ascertained what it did and did not cover. If the Policy did not conform to their expectations, they knew or should have known that, and were contributorily negligent. Thus, Plaintiffs have no claim against Goforth for negligent procurement.

24. Because there is no possibility that Plaintiffs can prove their causes of action against Goforth, Indian Harbor respectfully submits that Goforth was fraudulently joined and his citizenship should be disregarded for purposes of evaluating diversity jurisdiction.

**Amount in Controversy**

25. There is more than $75,000.00, exclusive of interest and costs, in controversy in this lawsuit.

26. Plaintiffs' breach of contract claim alleges that Indian Harbor "has breached its contract of insurance by refusing to provide defense to Plaintiffs" for the Underlying Lawsuit, and Plaintiffs' bad faith claim alleges, *inter alia*, that Indian Harbor in bad faith "refus[ed] to provide defense and indemnity to its insureds" for the Underlying Lawsuit. (Ex. A, Compl. ¶¶ 29, 34.) The Complaint does not specify the amount of damages claimed by Plaintiffs, except for mentioning "thousands of dollars in incurred legal expenses." (Ex. A, Compl. ¶ 30.)

27. "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (cleaned up). However, in some cases, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Id.* (cleaned up).

28. Here, the Policy at issue has a limit of $5,000,000 per claim, and in the aggregate. (*See* Ex. A, Compl., Ex. B, Policy.) Further, the plaintiff in the Underlying Lawsuit sought to recover against Plaintiffs for both compensatory and punitive damages arising from the outstanding principal of bonds issued to him by Judson College, which the Underlying Complaint alleges was $993,300 at the time of filing. (*See* Ex. A, Compl., Ex. A, Underlying Compl. ¶ 2.) Accordingly, Plaintiffs are claiming well over the jurisdictional minimum of $75,000, exclusive of interest and costs.

29. Additionally, counsel for Plaintiffs verbally advised counsel for Indian Harbor that his clients are claiming reimbursement of defense costs of approximately $250,000. (*See* **Exhibit "B,"** Declaration of Thomas M. Contois.)

30. Because the amount at stake in this litigation exceeds $75,000.00, the amount in controversy has been satisfied for purposes of removal.

### Timeliness of Removal

31. Thirty (30) days have not elapsed from the date of service on Indian Harbor of the Complaint (July 24, 2023). Furthermore, one year has not passed from the commencement of this action on July 17, 2023. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

### Consent of Other Defendants

32. In this present case, consent from Goforth and USI is not necessary for removal. "A fraudulently joined party is not properly joined and, accordingly, need not join or consent to the removal." *Maxwell v. E-Z-Go, a Div. of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. Feb. 16, 2012) (citation omitted).

33. Nevertheless, Goforth and USI consent to removal. (*See* **Exhibit "C,"** Consent to Removal.)

### Conclusion

34. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

35. Given that there is diversity of citizenship between Plaintiffs and Defendants (disregarding Goforth as a fraudulently joined party), and because the amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees and costs, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.  Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

36. Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending within the United States District Court for the Southern District of Alabama, Northern Division.

37. Promptly after filing this Notice of Removal, written notice hereof will be given to all parties.  In addition, Indian Harbor will file a copy of this Notice of Removal with the Clerk of Court for the Circuit Court of Perry County, State of Alabama in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Indian Harbor Insurance Company prays that this Notice of Removal be deemed good and sufficient, that the aforesaid Complaint be removed from the Circuit Court of Perry County, State of Alabama to the United States District Court for the Southern District of Alabama for trial or other determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court and thereupon proceed with the civil action as if it had been commenced originally herein.

This the 21st day of August 2023.

                                                      Respectfully submitted,

                                                      */s/ William J. Gamble*
                                                      William J. Gamble     (GAMBW2689)
                                                       *Attorney for Indian Harbor Insurance Company*

OF COUNSEL:

**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Post Office Box 2727
Mobile Alabama 36652-2727
(251) 432 – 4481
will.gamble@phelps.com

## Certificate of Service

      I do hereby certify that I have on August 21, 2023, filed the foregoing Notice of Removal with the Clerk of Court via electronic means and have served counsel for Plaintiff with the same via First Class U.S. Mail as follows:

Richard E. Smith
Robert Andrew Yarbro
Christian & Small, LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
*Attorneys for Plaintiffs*

W. Ivey Gilmore, Jr.
Gilmore, Rowley, Crissey & Wilson, Attorneys at Law, LLC
1905 7th St.
Tuscaloosa, AL 35401
*Attorney for Plaintiffs*

David W. McDowell
Baker Donelson
1901 Sixth Avenue North
Suite 2600
Birmingham, AL 35203
*Attorney for Defendants USI and Ken Goforth*

                                                  PHELPS DUNBAR LLP

PD.42800780.7

/s/ *William J. Gamble*

William J. Gamble
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Post Office Box 2727
Mobile Alabama 36652-2727
(251) 432 – 4481
*Attorney for Defendant Indian Harbor Insurance Company*